**NATIONAL PETROCHEMICAL COMPANY OF IRAN,**
Plaintiff,

v.

**THE M/T STOLT SHEAF, her engines boilers, etc., Posiden Navigation, Inc., et al., Defendant.**

**No. 86 Civ. 7505 (RO).**

United States District Court,
S.D. New York.

Oct. 27, 1987.

Mendes & Mount, Three Park Avenue New York City (Louis M. Rohrberg, of counsel), for plaintiff.

Haight, Gardner, Poor & Havens, New York City (Brian D. Starer, Charles B. Anderson, Richard A. Menchini, Don P. Murnane, Jr., of counsel), for defendant.

### AMENDED OPINION AND ORDER

OWEN, District Judge.

The National Petrochemical Company of Iran commenced this action to recover losses incurred in a scheme to ship chemicals from the United States to Iran in violation of the trade embargo.[1] This motion presents the critical preliminary issue of whether plaintiff is an entity of the current

---

1. It appears that in order to acquire the chemicals plaintiff was a willing participant in a scheme which required the use of false and forged shipping documents on three separate occasions to conceal that Iran was the final receiver and that Bandar Khomeini was the port of discharge.

government of Iran and as such is not entitled to sue in the courts of the United States.

Article III, Section 2 of the United States Constitution provides:

The judicial Power shall extend to all cases ... between a State or the Citizens thereof, and foreign States, Citizens or Subjects.

That judicial power has long been interpreted to extend access to our courts only to "governments recognized by the United States and at peace with us." *Pfizer Inc. v. India*, 434 U.S. 308, 319–20, 98 S.Ct. 584, 591–92, 54 L.Ed.2d 563 (1978); *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Courts properly defer to the executive branch in determining which nations are entitled to sue. *Pfizer*, 434 U.S. at 320, 98 S.Ct. at 591; *Iran Handicraft & Carpet v. Marjan Intern. Corp.*, 655 F.Supp. 1275, 1277 (S.D. N.Y.1987). As the Supreme Court said in *Sabbitino*

... the refusal to recognize [a government] has a unique legal aspect. It signifies this country's unwillingness to acknowledge that the government in question speaks as the sovereign authority for the territory it purports to control ... Political recognition is exclusively a function of the Executive.

376 U.S. at 410, 84 S.Ct. at 931

It is undisputed that the current government, established by the Ayatollah Khomeini following the governmental breakdown in Iran, has not been recognized by the United States. *See Iran Handicraft*, 655 F.Supp. at 1280, n. 4.[2] Such nonrecognition mandates that an action by that government be dismissed with prejudice. *See Republic of Vietnam v. Pfizer*, 556

F.2d 892, 894 (8th Cir.1977) (upholding dismissal with prejudice of action filed by Republic of Vietnam on ground that it had ceased to exist and U.S. had not recognized new government), *noted without comment*, 434 U.S. 308, 309 n. 1, 98 S.Ct. 584, 586 n. 1, 54 L.Ed.2d 563 (1978).

The remaining question is whether the National Petrochemical Company is an Iranian government entity. *See Federal Republic of Germany v. Elicofon*, 358 F.Supp. 747, 756–57 (E.D.N.Y.1972), *aff'd*, 478 F.2d 231 (2d Cir.1973), *cert. denied*, 415 U.S. 931, 94 S.Ct. 1443, 39 L.Ed.2d 489 (1974). Plaintiff performs a governmental function and operates as an agency of the Iranian government in the manufacture, distribution, transportation and marketing of petrochemicals in the nationalized oil industry.[3] It is wholly owed by the Iranian government, and is under the direct control and supervision of the Ministry of Petroleum. It is therefore a government entity.

The action is dismissed with prejudice.

So ordered.

---

2. The text of a letter from the Assistant Legal Advisor for Management at the State Department written in response to a query from the litigants in that action, dated December 26, 1985, reads as follows:

"In response to your letter of December 13, 1985, the questions you posed and the answers of the State Department are as follows:

1. Has the United States recognized the Khomeini government of the Islamic Republic of Iran?

Answer: No.

2. Did the United States sever diplomatic relations with Iran? If so, on what date were they served [sic], and have they been re-established since that date?

Answer: Diplomatic relations with Iran were severed by the United States on April 7, 1980, and have not been reestablished."

3. The Iranian legislature has specifically named and treated the National Petrochemical Company as a government entity in various enactments.